UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORIELLE JOHNSON,
        Plaintiff,

v.                                     Case No. 2:12-CV-205
                                     HON. R. ALLAN EDGAR

LESLIE BEAK, et al.,
        Defendants.
_____/

## OPINION & ORDER

Plaintiff Corielle Johnson, an inmate currently confined by the Michigan Department of Corrections (MDOC), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. Presently before this Court is Defendant Betts' motion for summary judgment. ECF No. 151.

The following are the events involving Defendant Betts viewed in the light most favorable to Plaintiff. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994) (noting any direct evidence offered by Plaintiff in response to a summary judgment motion are accepted as true)). On October 13, 2011, Defendant Betts wrote tickets on Plaintiff and two other inmates, but waited over twenty hours to type the misconduct reports and failed to sign the tickets. PageID.9. On October 14, 2011, Plaintiff told the Warden that he believed these tickets were falsified because Defendant Betts was not in Plaintiff's housing unit on the date of the alleged misconducts. PageID.9. On October 19, 2011, the hearing investigator told Plaintiff that the tickets had been rescinded. PageID.9. Shortly thereafter, Plaintiff heard Defendant Betts complaining about him writing a kite to the Warden. PageID.9-10. Plaintiff then told Defendant Betts that he did not think she wrote the ticket. PageID.10. Defendant Betts replied, "whatever, everyone knows your M.O. and we[']re going to

show you about your kites Johnson." PageID.10.  On October 20, 2011, Defendant Betts falsified another misconduct on Plaintiff. PageID.10.

Based on the abovementioned allegations, the Court has interpreted Plaintiff's Complaint as asserting the following claim against Defendant Betts:

> Defendant Betts violated Plaintiff's First Amendment right to be free from retaliation when she falsified a misconduct ticket against him due to Plaintiff's kite filing practices.

*See* PageID.9-10.  Defendant Betts filed this motion for summary judgment on February 29, 2016. ECF No. 151.  On March 16, 2016, Plaintiff filed a response to Defendant's motion for summary judgment. ECF No. 155. Defendant Betts did not file a reply.  The matter is now ready for a decision.

I.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp*, 477 U.S. at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.

*Muhammad*, 379 F.3d at 416 (*citing Adams*, 31 F.3d at 382). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court could not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

## II.

Plaintiff's only claim against Defendant Betts is that Defendant Betts violated his First Amendment right to be free from retaliation. PageID.9-10, 13. In general, retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City*

*Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Notably, however, where the plaintiff is ultimately found guilty of the misconduct charges, the plaintiff cannot state a claim for retaliation arising from the misconduct charges. *See Jackson v. Madery*, 158 Fed. App'x 656, 662 (6th Cir. 2005) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) ("A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim."); *see also Briggs v. Burke*, No. 1:13-CV-1160, 2015 WL 5714520, at *1 (W.D. Mich. Sept. 29, 2015); *Thompson v. Moran*, No. 1:13-CV-499, 2015 WL 752149, at **1, 4 (W.D. Mich. Feb. 23, 2015) ("Where a prisoner alleges that prison personnel retaliated against him by filing a false misconduct violation, [a] finding of guilt based upon some evidence of a violation of prison rules essentially checkmates [a] retaliation claim.") (citations and quotations omitted).

Here, Defendant Betts included a copy of the hearing report that was generated in response to the October 20, 2011, misconduct ticket she wrote against Plaintiff. PageID.1189-1190. The report indicates that Plaintiff was found guilty of the misconduct ticket that Defendant Betts wrote against him on October 20, 2011. PageID.1189-1190. As a result, Plaintiff's claim for retaliation arising from this misconduct ticket fails, as he was found guilty of this misconduct. Therefore, Plaintiff's only claim against Defendant Betts is DENIED, and Defendant Betts' motion for summary judgment is GRANTED.

III.

Overall, even when looking at the facts in the light most favorable to Plaintiff, he has failed to establish that Defendant violated his constitutional rights. Fed. R. Civ. P. 56; *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)

(stating that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and will only be dismissed if the claim undoubtedly contains no facts to support its request for relief).  Accordingly, Defendant's Motion for Summary Judgment is appropriate. ECF No. 151.

In light of the foregoing, this Court concludes that Defendant's Motion for Summary Judgment (ECF No. 151) is **GRANTED.**  Plaintiff's claim against Defendant Betts is **DISMISSED WITH PREJUDICE**.  An Order and Judgment consistent with this Opinion will be entered.

**SO ORDERED**.

Date:_5/16/2016__                                       ___/s/ *R. Allan Edgar*_____
                                                                      HON. R. ALLAN EDGAR
                                                                      UNITED STATES DISTRICT JUDGE